FILED UNDER SEAL

FILED

2024 AUG 21 P 4: 05

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

---

SHENZHEN KE XIU TECHNOLOGY CO. LTD,

    Plaintiff,

v.

THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,

    Defendants.

Civil Action No. 1:24-CV-1465

---

## VERIFIED COMPLAINT

Plaintiff Shenzhen Ke Xiu Technology Co., Ltd. ("Shenzhen"), by its undersigned counsel, alleges as follows for its Complaint against Defendants in Schedule "A."

### THE NATURE OF THIS ACTION

1. Shenzhen brings this action against Defendants pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent No. 11,728,602 B2 ("the '602 Patent") titled "Connector and Cable with Connector". The '602 Patent protects an electronic connector that includes a first terminal head and a second terminal head that are detachably connected. A true and correct copy of the '602 Patent is attached as Exhibit A.

1

FILED UNDER SEAL

## THE PARTIES

2. Plaintiff is a Chinese limited liability company doing business in Shenzhen, Guangdong, China and maintains a principal place of business at 13A, Mingzhu Business Building, No. 862 Meilong Ave., Longhua Street, Longhua New District, Shenzhen, China.

3. Plaintiff is the sole assignee of the '602 Patent with the right to enforce its claims.

4. Defendants identified in Schedule "A" are all believed to be individuals, companies, and unincorporated business associations who, upon information and belief, reside in foreign jurisdictions. Defendants sell Accused Products on the Amazon.com and Temu.com Internet retail platforms. Since Amazon.com and Temu.com do not require the true names and contact information of sellers to be posted publicly, and sellers may publicly use fictitious names, the public seller names used on online retail stores are unreliable. The true names, identities, and addresses of Defendants are currently unknown.

5. Defendants conduct their operations through fully interactive commercial websites hosted on various Amazon.com and Temu.com storefront webpages ("Infringing Webstores"). Each Defendant targets consumers in the United States, including the State of Virginia, and has offered to sell and, on information and belief, has sold and continues to sell products ("Accused Products") that practice the claims of the '602 Patent to consumers within the United States, including the State of Virginia and Eastern District of Virginia. For example, the Accused Products may be purchased by Virginia residents using the Amazon "Prime" online order system and delivered by an Amazon Prime delivery vehicle in this district. Additionally, Temu.com defendants offer shipping of, and does ship, throughout the United States including into this District, the Accused Products.

6. Defendants from outside the United States have the capacity to be sued pursuant

2

FILED UNDER SEAL

to Federal Rule of Civil Procedure 17(b).

7. Through their operation of the Infringing Webstores, Defendants are directly and personally engaging in the importation, offer for sale, and sale of Accused Products as alleged, oftentimes as partners and/or suppliers. On information and belief, Defendants may intentionally or otherwise conceal their identities and the full scope of their infringing operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' infringing acts.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

9. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

10. This Court has Personal jurisdiction over non-U.S. based Defendants because they have supplied their products into this district and under the Federal Long Arm Rule, FRCP 4(k)(2)

(k)Territorial Limits of Effective Service (2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws.

11. Venue is proper in this Court against non-U.S. based Defendants under 28 U.S.C. § 1391 (c)(3) and 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. For purposes of venue regarding cases against foreign corporations, general federal statutes are applicable. This Court is a proper venue for a case

FILED UNDER SEAL

against non-U.S. based Defendants in any judicial district in any state to which it is subject to personal jurisdiction.

12. This Court has personal jurisdiction over Defendants and venue is proper pursuant to Va. Code Ann. § 8.01-328.1 (1950). Personal jurisdiction exists over Defendants because Defendants have minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Virginia and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Virginia and this District. This Court has personal jurisdiction over Defendants, in part, because Defendants do continuous and systematic business in this District, including by providing Accused Products and services to the residents of the Eastern District of Virginia through fully interactive websites that allow Accused Products to be purchased by Virginia residents and shipped to addresses in Virginia. Defendants knew the Accused Products would be used within this District, and have solicited business from the residents of the Eastern District of Virginia using the Amazon.com and Etsy.com e-commerce platforms.

## BACKGROUND AND GENERAL ALLEGATIONS

13. Plaintiff is a manufacturer with heavy investment in research and development in magnetic connectors and data cables. It has been manufacturing and selling magnetic connectors and data cables since 2015. Over the past nine years Plaintiff has developed different types of magnetic connectors ranging from using a popping magnet to using a manet-spring mechanism, as well as an industry-standard type c magnet. Plaintiff has filed and/or obtained more than 100 patents in China related to magnetic connectors and data cables.

14. In the past few years, Plaintiff Shenzen has instituted a campaign to police knock-off and infringing products in China. As a result of its efforts, Plaintiff has nearly continuously

FILED UNDER SEAL

fought to keep infringing products off the Chinese market via enforcement of its intellectual property rights in Chinese courts. As its products enter the U.S. market, Plaintiff has expanded its intellectual property enforcement efforts against infringing products by filing and obtaining U.S. patents to protect its products in this domestic market.

15. Specifically related to this action, Plaintiff applied for the '602 patent in the U.S. for which one embodiment protects the 24-pin full protocol type C USB structure magnetic connector. Plaintiff also directly sells, domestically and internationally, including within the Eastern District of Virginia ("Plaintiff's Products"), USB-C magnetic connectors that are commercial embodiments made under the '602 patent. As a result of the success of Plaintiff's Products, Defendants have flooded the online market with sales of Accused Products in violation of Plaintiff's intellectual property rights and have irreparably damaged, and are continuing to irreparably damage, Plaintiff. Plaintiff has not authorized or licensed any party in the marketplace or named in this action to import, offer to sell, or sell products made according to the claims of the '602 Patent.

16. Plaintiff maintains quality control standards for all of its products sold under the '602 Patent. Genuine Plaintiff's Products are sold directly by Plaintiff to consumers through online sales platforms such as Amazon.com. Prior to the flood of Accused Products entering the market, sales of Plaintiff's Products via legitimate webstores represented a significant portion of Plaintiff's business.

17. Upon information and belief, many of the Accused Products are manufactured by factories based in China and sold wholesale either directly or through China-based e-commerce Internet Webstores. For example, sellers on Amazon.com purchase Accused Products in bulk from the factory or the Chinese e-commerce sites to sell on Infringing Webstores.

5

FILED UNDER SEAL

18. On August 15, 2023, United States Patent No. 11,728,602, entitled "Connector and Cable with Connector" was duly and legally issued by the USPTO. The '602 Patent claims patent-eligible subject matter and is valid and enforceable. Plaintiff is the exclusive owner of the '602 Patent by assignment and has the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '602 Patent. Defendants are not licensed to the '602 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '602 Patent whatsoever. A true and correct copy of the '602 Patent is attached hereto as Exhibit A.

19. The '602 Patent is presumed valid under 35 U.S.C. § 282.

## THE PATENT

20. The claims of the '602 Patent are directed to an electronic connector. The '602 Patent contains nineteen claims directed to the device, where claim 1 is the sold independent claim. Claim 1 of the '602 Patent recites:

> 1. A electronic connector, comprising a first terminal head and a second terminal head, the first terminal head and the second terminal head being detachably connected,
> the first terminal head comprising a plurality of first pins and a fixing member,
> the fixing member comprising an upper fixing element and a lower fixing element;
> the plurality of first pins being respectively fixed on the upper fixing element and the lower fixing element, a part of the plurality of first pins passing through the upper fixing element, and the other part of the plurality of first pins passing through the lower fixing element;
> when the first terminal head and the second terminal head are connected, wherein one end of each first pin is electrically connected to the second terminal head, and the other end thereof is electrically connected to an external device;
> the first terminal head further comprising a protective shell and an integration part which is connected to an end of the protective shell close to the fixing member;
> the integration part defining a plurality of seating grooves corresponding to the plurality of first pins, and the plurality of first pins being disposed in the multiple of seating grooves; and being in a position to make electrical and mechanical contact with pins of the second terminal head.

6

FILED UNDER SEAL

## INFRINGEMENT

21.   Defendants manufacture, import, offer to sell, and sell various electronic connectors that include a first terminal head and a second terminal head. These devices are sold on the Amazon.com and Temu.com platforms and other Internet platforms using Infringing Webstores.

22.   Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '602 Patent by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products.

23.   Defendants also indirectly infringe the '602 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendants have knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '602 Patent, including their customers throughout the United States. Defendants continue to induce infringement of the '602 Patent.

24.   Plaintiff has conducted a detailed analysis, establishing and confirming that Defendants' Accused Products directly infringe claims of the '602 Patent. The Accused Products all use basically the same first terminal head, which is the part that can fit into a USB-C slot in a computer or smartphone. Figure 1 of the '602 Patent illustrates an embodiment of the first terminal head 1 and the second terminal head 2.

FILED UNDER SEAL



FIG. 1

Figure 2 of the '602 Patent illustrates an exploded view the internal parts of an embodiment for a first terminal head 1, which includes a fixing member 11 that itself includes upper fixing element 111 and lower fixing element 112. Reference 12 points to the first pins, reference 16 points to an integration part, and reference 15 points to a housing.



FIG. 2

8

FILED UNDER SEAL

Figure 3 illustrates an embodiment of the fixing member 11, with the upper fixing element 111 and the lower fixing element 112 shown in closer detail.



FIG. 3

25. The second terminal head can come in one of three different configurations: straight, elbow and U-shaped, that all function the same with respect to the first terminal head. Regardless of the second terminal head configuration, each Accused Product includes all of the claimed elements: a first terminal head and a second terminal head that are detachably connected, and a plurality of first pins and a fixing member in the first terminal head having an upper fixing element and a lower fixing element.

26. Exhibit B includes a list of Defendants and Accused Products that infringe the '602 Patent as well as exemplary claim charts and examples that demonstrate the correspondence of the Accused Products with elements of claim 1 of the '602 Patent. The charts are submitted as examples of each of the three types of functional designs of Defendants that all include similar claimed components, and Plaintiff reserves the right to modify the charts as part of Plaintiff's infringement contentions.

9

FILED UNDER SEAL

27. Defendants and their customers have continued infringement.

28. Plaintiff is the exclusive licensee of the '602 Patent with the right to enforce the '602 Patent.

29. Defendants have infringed, and continue to infringe, at least claims 1 - 18 of the '602 Patent under 35 U.S.C. § 271(a) and/or (b), by (a) making, using, offering to sell, selling and/or importing into the United States, devices for imparting smoked flavors to beverages and foodstuffs, that infringe the asserted claims in the United States, or (b) by inducing others to use the Accused Products and/or sell the Accused Products in the United States. Defendants continue to manufacture, use, offer to sell, sell and import Accused Products. The Accused Products are also being used to infringe. Defendants continue to sell Accused Products inducing infringement by others and also continue to perform infringing activity by using the claimed devices in the United States.

30. The Accused Products are infringing devices and thus directly infringe '602 Patent claims 1 – 18. The Accused Products include a first terminal head and a second terminal head that are detachably connected, and a plurality of first pins and a fixing member in the first terminal head having an upper fixing element and a lower fixing element that function in the same way and thus directly, and indirectly by inducement, infringe claims 1-18 of the '602 Patent.

31. The '602 Patent is also infringed under 35 USC § 271(a) when an accused product is "used" by Defendant as an electrical connector; the '602 Patent is infringed under 35 USC § 271(b) when Defendants "induce" others to use the Accused Products as an electrical connector.

32. Upon information and belief, Defendants have directly infringed one or more of claims of the '602 Patent under 35 USC §271(a):

FILED UNDER SEAL

> "(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, offering to sell, selling and importing Accused Products in the United States. Defendants continue to infringe claims of the '602 Patent.

33. Upon information and belief, Defendants have indirectly infringed one or more of the claims of the '602 Patent under 35 USC §271(b):

> (b) Whoever actively induces infringement of a patent shall be liable as an infringer. by providing accused products, with instructions, which are used for imparting smoked flavors to beverages and foodstuffs, thereby inducing others to use the Accused Products.

34. Defendants do not have a license or authority to import, make, use, or sell goods under the '602 Patent.

35. Plaintiff has marked its Plaintiff's Products with notices of the '602 Patent. Upon information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations.

36. As a result of Defendants' infringement of the '602 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

37. Defendants, without authorization or license from Plaintiff, continue to infringe the claims of the '602 Patent in connection with the advertisement, offer for sale, and sale of the Accused Products, through, *inter alia*, the Internet. Each Infringing Webstore offers shipping to the United States, including Virginia, and, on information and belief, each Defendant has sold Accused Products into the United States, including Virginia. The Defendants are continuing to offer to sell and sell Accused Products at least via Amazon.com and Temu.com.

11

FILED UNDER SEAL

38. Defendants have been willfully infringing the '602 Patent since at least as early as they became aware of the '602 Patent. On information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations and have refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendants have intentionally continued their knowing infringement.

39. Many sellers on Amazon.com and Temu.com go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Webstores. For example, on information and belief, Defendants regularly create new Webstores on the Amazon.com platform using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operations and to prevent the Infringing Webstores from being disabled.

40. Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '602 Patent unless preliminarily and permanently enjoined.

41. Plaintiff has no adequate remedy at law.

## COUNT ONE
## INFRINGEMENT OF UNITED STATES Patent No. 11,728,602
## (35 U.S.C. § 271)

42. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

43. Defendants have infringed, and continue to directly infringe, at least claims 1-18

FILED UNDER SEAL

of the '602 Patent under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

44. Upon information and belief, Defendants have indirectly infringed one or more of the claims of the '602 Patent under 35 USC §271(b) by providing Accused Products, with instructions, which are used to impart smoky flavors to beverages and foodstuffs, thereby inducing others to use the Accused Products in an infringing manner.

45. As a result of Defendants' infringement of the '602 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

46. Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '602 Patent unless preliminarily and permanently enjoined.

47. The Defendants have infringed the '602 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

For a judgment declaring that Defendants have infringed the '602 Patent;

For a judgment declaring that Defendants' infringement of the '602 Patent has been willful;

For a grant of a preliminary and permanent injunction pursuant to 35 U.S.C. §283,

FILED UNDER SEAL

enjoining the Defendant from further acts of infringement;

For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '602 Patent in an amount to be determined at trial;

For a judgment and order awarding a compulsory ongoing royalty;

For a judgment declaring that Defendant's infringement was willful and for enhancement of damages in accordance with 35 U.S.C. § 284;

That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

using the claims of the '602 Patent in connection with the distribution, advertising, offer for sale, and/or sale of merchandise not the genuine products of the Plaintiff;

committing any acts calculated to cause consumers to believe that Defendants' Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

further infringing the Plaintiff's patent rights;

shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the Designs or any reproductions, counterfeit copies, or colorable imitations thereof;

using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Accused Products infringing the '602

FILED UNDER SEAL

Patent;

For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

Date: August 17, 2024

Respectfully submitted,

/s/   Kendal M. Sheets
Kendal Sheets (VSB No. 44537)
ksheets@dnlzito.com
Tel: 703-489-8937
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO CASTELLANO PLLC
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

Verified by: *Deng Shu yuan*

CEO, Shenzhen Ke Xiu Technology Co., Ltd

15